**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50257 |
| Plaintiff - Appellee, | D.C. No. 3:13-cr-02525-CAB-2 |
| v. | |
| ADRIANA HERNANDEZ-BECERRA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Cathy Ann Bencivengo, District Judge, Presiding

Submitted February 2, 2016[**]
Pasadena, California

Before: D.W. NELSON, CALLAHAN, and N.R. SMITH, Circuit Judges.

Andriana Hernandez-Becerra appeals her jury conviction for importing

drugs in violation of 21 U.S.C. §§ 952, 960, and 963. We have jurisdiction under

29 U.S.C. § 1291. We affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

1.     Hernandez-Becerra argues the evidence at trial was insufficient for the jury to conclude she had either actual knowledge or deliberate ignorance of the drugs she was convicted of importing. We review the sufficiency of evidence under a two-step inquiry. *United States v. Nevils*, 598 F.3d 1158, 1164 (9th Cir. 2010) (en banc). First, we view the evidence "in the light most favorable to the prosecution." *Id.* Second, we "determine whether this evidence, so viewed, is adequate to allow '*any* rational trier of fact [to find] the essential elements of the crime beyond a reasonable doubt.'" *Id*. (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

Viewing the conflicting evidence in the record in the light most favorable to the prosecution, Hernandez-Becerra's friend ("Sanchez-Mejia") testified that she and Hernandez-Becerra had on multiple occasions been paid by Sanchez-Mejia's boyfriend to cross the border from Mexico to the United States to retrieve drug money. Sanchez-Mejia would drive, while Hernandez-Becerra would speak over the phone with the boyfriend to get directions. Sanchez-Mejia also testified that she knew drugs were hidden in the car and that she had told Hernandez-Becerra about the drugs.

This evidence was adequate for any rational trier of fact to find that Hernandez-Becerra had either actual knowledge or deliberate ignorance that drugs were hidden in the car. Our inquiry "does not focus on whether the trier of fact

made the *correct* guilt or innocence determination, but rather whether it made a *rational* decision to convict or acquit." *Herrera v. Collins*, 506 U.S. 390, 402 (1993). To be rational, the decision must be supported by more than a "mere modicum" of evidence. *Jackson*, 443 U.S. at 320.

2.     Hernandez-Becerra argues that the prosecutor committed prejudicial conduct during closing argument:

a.     At the beginning of closing argument, the prosecutor requested the court's permission to have Hernandez-Becerra stand. The court granted the request, and the prosecutor asked Hernandez-Becerra to stand. She complied. The prosecutor then proceeded to state, "Ladies and gentlemen, this lady is, in fact, a drug smuggler. Not only that, she's the perfect drug smuggler. You can have a seat." Hernandez-Becerra did not object. On appeal, Hernandez-Becerra argues that the prosecutor's request to have her stand, and the court's granting of that request, violated her Fifth Amendment right to not testify. When the defendant does not object at trial, Fifth Amendment claims are reviewed for plain error. *United States v. Sehnal*, 930 F.2d 1420, 1426 (9th Cir. 1991)."To obtain the exceptional remedy of reversal in a criminal case on the basis of plain error there 'must be a high probability that the error materially affected the verdict.'" *Id*. (quoting *United States v. Bryan*, 868 F.2d 1032, 1039 (9th Cir. 1989)).

Hernandez-Becerra has failed to show that there was a high probability that the district court's actions materially affected the verdict.

b.      The government concedes that the prosecutor misstated the evidence during closing argument. Hernandez-Becerra properly objected and the district court overruled the objection. When an objection is raised in trial court and overruled, we review for abuse of discretion. *United States v. Tucker*, 641 F.3d 1110, 1120 (9th Cir. 2011). "An abuse of discretion is a plain error, discretion exercised to an end not justified by the evidence, a judgment that is clearly against the logic and effect of the facts as are found." *Rabkin v. Or. Health Scis. Univ.*, 350 F.3d 967, 977 (9th Cir. 2003) (quoting *Int'l Jensen, Inc. v. Metrosound U.S.A., Inc.*, 819, 822 (9th Cir. 1993)). "[A] criminal conviction is not to be lightly overturned on the basis of a prosecutor's comments standing alone, for the statements or conduct must be viewed in context; only by so doing can it be determined whether the prosecutor's conduct affected the fairness of the trial." *United States v. Young*, 470 U.S. 1, 11 (1985). When viewed in context, the district court did not abuse its discretion in overruling Hernandez-Becerra's objection to the prosecutor's misstatement of the evidence, because it did not affect the fairness of the trial.

c.      At the end of its closing argument, the prosecutor told the jury that it was their "duty to find the defendant guilty of these charges. The evidence shows that she's guilty." Because Hernandez-Becerra did not object, we review for plain error. *United States v. Sanchez*, 659 F.3d 1252, 1256 (9th Cir. 2011). Under *United States v. Gomez*, a prosecutor's "do your duty" argument is not improper if, when "[r]ead in context, the prosecutor was arguing that, *if* the jury finds that the prosecution has met its burden of proving the elements beyond a reasonable doubt, *then* it is the jury's duty to convict." 725 F.3d 1121, 1131 (9th Cir. 2013). We find that the district court did not plainly err, because (when read in context) the prosecutor's statement was made with respect to the burden of proof and satisfies the *Gomez* standard.

**AFFIRMED.**